## ARKANSAS ROAD CONST. CO. v. THOMAS & RATLIFF. (No. 2623.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 1, 1922. Rehearing Denied Dec. 14, 1922.)

1. **Witnesses 258—Testimony by contractor as to grading done, based on unauthenticated written memorandum, held inadmissible**

Testimony by a contractor as to the amount of yardage in certain road grading, based on a written memorandum made by him after completion of the work from an estimate sent him by the secretary of the road commission of the road on which the work had been done, *held* inadmissible in the absence of any showing that the copy or estimate from which he testified was a true and authenticated copy of the original official records.

2. **Evidence 373(6)—Copy of engineer's report not admissible in evidence without further authentication merely because mailed by road commission.**

The mere fact that an estimate of the amount of dirt moved in certain roadwork was mailed by the secretary of the road commission, and purported to be a copy of the engineer's report, is not sufficient ground for its admission in evidence without further proof that it was a true and authentic copy of the original final report of the engineer or of the record thereof of the commission.

3. **Evidence 186(6)—Only examined copy of correct and legally authentic copy of foreign tribunal is admissible.**

It is only an examined copy of a correct and legally authentic copy of a foreign tribunal that is admissible in evidence.

4. **Highways 113(4)—Engineer's testimony as to amount of dirt moved is uncertain in absence of official reports, and if disputed raises issue for jury.**

Testimony by a road commissioner's engineer as to the amount of dirt moved in certain roadwork is uncertain in the absence of his official reports, and, when disputed raises an issue for the jury.

5. **Highways 113(4)—Findings that highway work was completed according to contract, and certain yardage of clay not necessary, not sustained.**

Findings by a jury that grading and graveling work had been completed "according to contract," and that a certain yardage of clay was not "necessary" at a certain point, *held* unsustained by the evidence where the contract involved provided that the road engineer in charge was the sole arbiter as to what was needed, and the sole judge as to when the work was done, and it appeared that he had required further work to complete the contract.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by Thomas & Ratliff against the Arkansas Road Construction Company.

From a judgment for plaintiffs, defendant appeals. Reversed, and remanded for a new trial.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Keeney & Dalby, of Texarkana, for appellees.

LEVY, J. The appellees instituted this suit against the appellant company, a partnership, to recover the sum of $2,861.91 as a balance claimed to be due and unpaid on a certain subcontract to do all the claying and grading of a section of a public road in the state of Arkansas between McNab and Saratoga, a distance of eight miles. The appellant had a contract to construct a gravel road in a defined road district from Saratoga to Fulton, and of which the eight-mile section was a part. The appellant answered, admitting the subcontract, but charged that the appellees before completely fulfilling the contract ceased work and moved away, and left the contract unfilled, and that the appellants had to complete the same at a cost to them in a sum greater by $215.06 than claimed in the petition.

The case was submitted to the jury on special issues, and in accordance with the answers of the jury the court entered a judgment in favor of the plaintiffs for $2,683.85, with interest.

In 1919 the appellants contracted with the commission of the road district to construct a gravel road from Saratoga to Fulton. The appellants sublet and contracted with the appellees to do the grading and claying on eight miles of the road. The work was to be done and completed under the direction and requirement of the engineer of the road district. Thomas & Ratliff in their subcontract agreed to do the grading and claying on the road from Saratoga to McNab "to the satisfaction of the district engineer, who was to say when their part of the work, or any part of the road, was completed, and when he said it was completed the work of Thomas & Ratliff was done on any part of the road, so completed." Thomas & Ratliff did not grade, according to undisputed evidence, a section of the road known as "Yellow Creek Bottom." This work was done by Mr. Fenton at a cost of 55 cents per cubic yard, and the difference between 55 cents and 40 cents, the subcontract price, was charged to Thomas & Ratliff. There seems to be no dispute as to this particular item. The real issues were as to whether Thomas & Ratliff had completed the grading and claying on the remainder of the eight-mile section, and as to the total yardage for which they were entitled to be paid. The appellant contended that there was a lot of finishing work to be done, which the appellees did not do, and that such finishing work was, under the terms of the contract, required by the engineer to be done on the

road; and Thomas & Ratliff claimed that they had completed the road to the satisfaction of the engineer.

The case was submitted to the jury on special issues, and in accordance with their findings a judgment was entered in favor of Thomas & Ratliff. The questions on appeal pertain to the admission of certain evidence, and in complaint of certain findings of the jury as being against the evidence.

[1] The following special issue was submitted to the jury:

"What was the total amount of yardage of dirt moved, exclusive of clay, 57595 yards or 56,601 yards?"

The jury answered, "57,595." The question assumes, as seen, that the evidence showed that the yardage of dirt moved was of either one or the other amount stated. That is a correct assumption; but the evidence, and the only evidence, going to show that there was 57,595 yards of dirt moved is based upon the evidence of Mr. Thomas, one of the plaintiffs. The testimony was seasonably objected to, and the finding of the jury is assailed. The testimony of Mr. Thomas, as appears in the exception, is to the effect that—

"The total amount of the yardage of dirt moved in completing the contract of doing all of the part of the dirt grading work on the road from Saratoga to McNab which they (appellees) had undertaken with the defendants (appellants), exclusive of clay, totaled 57,595 yards," and that "he based his testimony as to this yardage upon a written memorandum made by him in Bell county, Tex., after the grading work had all been done, which he then had before him while testifying as a witness, and was made by him from an estimate which had been sent to him by mail from Arkansas by the secretary of the road commission of the road on which the work was done in response to a letter from him to the secretary requesting same."

[2, 3] It does not appear in the record that the "estimate which had been sent to him by mail by the secretary of the road commission" was an official document of the secretary's office, or a certified copy of the reports, proceedings, or decisions of the road commission. The objection made to the evidence was that the "estimate" received in the letter from the secretary was not shown to be an authentic and correct copy of the legal reports, proceedings, or documents of the road commission in legal possession and custody of the secretary. The objection was well taken. In order for the plaintiff to prove the contents of the original final reports of the engineer to the road commission it was necessary to first establish that the copy or "estimate" he was testifying from was an authentic copy of the official original records. The mere fact that the "estimate" was mailed by the secretary of the road commission is not sufficient ground to admit the evidence complained of, unless there is fur-ther proof that the "estimate" was a true and authentic copy of the original final report of the engineer, or of the record thereof, of the road commission. If the "estimate" here had appeared or purported to be a certified copy of the original reports or record in the custody of the road commission, a legal and public tribunal, then, clearly, the evidence given would not have been subject to the objection. It is only an examined copy of a correct and legally authentic copy of a foreign tribunal that is admissible under the rules of evidence. Therefore, as the evidence was inadmissible, the particular finding of the jury, being based upon the legally incompetent evidence, must be set aside. As the finding of the jury must be set aside, a reversal of the judgment will result, because it cannot be properly said, from the record, than an issue should not have been submitted relative to the total amount of yardage of dirt, exclusive of clay, moved in the final completion of the work as required by the engineer.

[4] There is evidence on the part of the engineer that a certain amount of dirt was moved, but his testimony in this respect is not made certain, and his official reports are not in evidence. And it was on this testimony that the plaintiffs disputed the amount of the yardage. The facts therefore are not undisputed in the record, and both parties are entitled, as this record appears, to have the jury pass on the issue.

[5] The jury made the finding, in answer to issue No. 1, that all the grading, dirt work, and claying, except as to Yellow Creek Bottom had been completed "according to contract" before the plaintiffs moved their outfit to Ellis county. The jury also made the finding, in answer to issue No. 4, that it was not "necessary" to have 1099½ yards of clay done after the plaintiffs left the work and went to Ellis county. These findings are complained of as being against the evidence in the case. We are of the opinion that the assignments should be sustained. The record here shows that under the contract the engineer was "the arbiter" of what was required to be done in order to complete the contract, and that the engineer did require further work on the road to be done in order to complete the contract. And if the engineer, as appears, required or deemed it necessary to have a certain yardage of claying done to complete the work, both appellant and appellees would be bound by the requirement of the engineer. The open question would be only as to the number of yards of claying done under such order or requirement of the engineer. The final official reports of the engineer and the approval of the same by the commission would seem to fully furnish, in the absence of a claim of fraud or mistake, both a guide and data of settlement between the parties.

The judgment is reversed, and the cause remanded for a new trial.